IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY J. FELCHAK and | § | |
| CARMEN K. FELCHAK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2847 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, Rodney and Carmen Felchak, filed suit in state court against JPMorgan Chase Bank, N.A. ("JPMC") over its attempts to collect payments on their home mortgage. The Felchaks asserted claims under the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE ANN. § 17.41 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and for conversion and money had and received. The Felchaks also sought to quiet title and requested a declaratory judgment that JPMC has no right to foreclose. JPMC timely removed to federal court and then moved for summary judgment. (Docket Entry No. 14). The Felchaks did not respond to the summary judgment motion. Based on the motion, the record evidence, the pleadings, and the relevant law, this court grants summary judgment and enters final judgment for JPMC by separate order. The reasons are explained below.

**I.   Background**

This suit arose from the Felchaks' purchase money mortgage, which was secured by property located at 4615 Snowdrop Court in Richmond, Texas. On August 28, 2009, the Felchaks executed a Note for $137,040.00 payable to Interlinc Mortgage, Inc. ("Interlinc"). (Docket Entry No. 14, Ex.

A-1, Note).  The Felchaks simultaneously executed a Deed of Trust.  (Docket Entry No. 14, Ex. A-2, Deed of Trust).  On August 28, 2009, the Felchaks signed a Notice of Assignment, Sale or Transfer of Servicing Rights ("Notice of Assignment").  The Notice provided:

> You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from INTERLINC MORTGAGE, INC. to JPMORGAN CHASE BANK, N.A. . . . effective October 1, 2009.

(Docket Entry No. 14, Ex. A-3, Notice of Assignment).  The Felchaks' signature appears under the statement "BORROWER ACKNOWLEDGMENT.  I/We have read this disclosure form, and understand its contents, as evidenced by my/our loan signatures(s) below."  (*Id.*)  Interlinc also executed an Allonge, or attachment, to the Note, which stated: "PAY TO THE ORDER OF JPMORGAN CHASE BANK, N.A."  (Docket Entry No. 14, Ex. A-1).

On August 28, 2009, the Felchaks signed a document entitled, "Payment Letter to Borrower" ("Payment Letter").  (Docket Entry No. 14, Ex. A-4, Payment Letter).  The Payment Letter states: "IT IS ANTICIPATED THAT YOUR LOAN WILL BE TRANSFERRED TO JPMORGAN CHASE BANK, N.A."  (*Id.*)  On September 2, 2009, Interlinc sent a letter to the Felchaks notifying them that the servicing for their loan would transfer to JPMC on October 1, 2009.  (Docket Entry No. 14, Ex. A-5, Transfer of Servicing Letter).

The Felchaks began making payments to JPMC in 2009.  (Docket Entry No. 14, Ex. C, R. Felchak Dep., at 20–21).  On May 11, 2012, JPMC sent the Felchaks a Notice of Default letter stating:

> You are in default because you have failed to pay the required monthly installments commencing with the payment due April 1, 2012.
>
> . . . .

2

> If you fail to cure the default within 35 days from the date of this notice, Chase will accelerate the maturity of the Loan . . . declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings . . . .

(Docket Entry No. 14, Ex. A-8, Notice of Default). After the Felchaks failed to cure their default, JPMC retained Barrett Daffin Frappier Turner & Engel as foreclosure counsel. On August 9, 2012, foreclosure counsel sent the Felchaks a letter by certified mail providing a "formal notice" that "the Mortgagee has elected to ACCELERATE the maturity of the Debt." (Docket Entry No. 14, Ex. B-1). The letter also included a "Notice of Substitute Trustee Sale." (*Id.*) No foreclosure sale has yet taken place.

The Felchaks sued JPMC in Fort Bend County District Court on August 28, 2012. (Docket Entry No. 1, Ex. A-3, Orig. Pet.). They argued that JPMC lacked the authority to foreclose because it was not the assignee of the Note and Deed of Trust, had not sent a notice of substitute trustee, had not sent notice of default, and had not sent notice of acceleration. (*Id.*, ¶¶ 14–25). The Felchaks asserted that JPMC violated the DTPA because it had no right to collect payments or to foreclose because it was not the assignee. (*Id.*, ¶¶ 26–30). The Felchaks asserted claims for conversion and for money had and received because JPMC collected mortgage payments it had no right to collect. (*Id.*, ¶¶ 43–46). The Felchaks sought to quiet title, requested a declaratory judgment that JPMC had no right to foreclose on the basis that it was not the assignee, and requested a permanent injunction against any foreclosure by JPMC. (*Id.*, ¶¶ 31–42, 47–50, 51). Finally, the Felchaks sought their attorneys' fees. (*Id.*, ¶¶ 51, 55).

JPMC moved for summary judgment on March 7, 2013. (Docket Entry No. 14). In addition to addressing the claims the Felchaks expressly asserted, JPMC also argued that it was entitled to summary judgment to the extent the Felchaks asserted claims under RESPA based on an alleged

failure to respond to a "Qualified Written Request" ("QWR") letter asking JPMC to validate the debt, disputing the debt, and inquiring about purported defects in the mortgage loan. (*Id.* at 14–15).

## II. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III. Analysis

#### A. The DTPA Claim

The Felchaks allege that JPMC violated the DTPA, § 17.46 of the Texas Business and Commerce Code. The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE ANN. § 17.50(a)(1))). To be a "consumer" under the DTPA, a person "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of [that person's] complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied).

The Felchaks argue that JPMC violated the DTPA by representing that it had the right to receive payments on the Note without proving the Note was assigned to JPMC. The Felchaks also argue that JPMC violated the DTPA by representing that it had the right to foreclose. The record includes the Notice of Assignment and Transfer of Servicing Letter, stating that "the right to collect payments from [the Felchaks]" was assigned, sold, or transferred to JPMC as of October 1, 2009. There is also undisputed evidence that JPMC was authorized under Texas law and the Note and Deed of Trust to foreclose on the Felchaks' home. *See, e.g.*, *Broyles v. Chase Home Fin.*, 2011 WL

1428904, at *4 (N.D. Tex. Apr. 13, 2011) ("[T]he Texas Supreme Court has firmly established that a lawful foreclosure on a security interest does not violate the DTPA, and Chase — as the mortgage servicer — has a statutory right to foreclose on the property." (citing TEX. PROP. CODE ANN. § 51.0025; *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 333 (Tex. 1983))). Additionally, the record evidence shows that the Felchaks are not consumers under the DTPA. They have not submitted or identified evidence showing that they sought to buy or lease goods or services from JPMC. Summary judgment is granted dismissing the Felchaks' DTPA claims.

    **B.**    **The Claims for Conversion and Money Had and Received**

The Felchaks' claims for conversion and for money had and received arise from allegations that JPMC is not entitled to payments due under the Note and Deed of Trust. "The elements of a conversion cause of action are: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property." *Allan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.). The elements of a claim for money had and received are "that a defendant holds money which in equity and good conscience belongs to him." *Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied) (citing *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162–63 (Tex. 2007)).

The undisputed record evidence shows that the Felchaks were obligated to make payments on their loan under the Note and Deed of Trust and that Interlinc notified the Felchaks in 2009 that JPMC had the right to receive payments. JPMC did not exercise dominion and control over the

payments unlawfully.  Nor has JPMC improperly kept money paid to it.  The conversion claim fails for the additional reason that money that is not specific chattel is not personal property that can be converted.  *See Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996).  And to the extent the Felchaks' claims stem from payments required by contract under the Note and Deed of Trust, the claims are barred by the economic-loss rule.  *See, e.g.*, *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 892 F. Supp. 2d 787, 799 (N.D. Tex. 2012); *see also Dhanani v. Giles*, 2008 WL 2210004, at *4 (Tex. App.—Waco 2008, pet.denied) (barring conversion claim where breach of contract claim and conversion claim were "based on the same factual scenario" and where the exercise of dominion over the plaintiff's property was tantamount to a breach of contract).

Summary judgment is granted dismissing the Felchaks' claims for conversion and money had and received.

### C.     Declaratory Judgment Based on the Right to Foreclose

The Felchaks sought a declaratory judgment that JPMC lacked authority to enforce the Note and Deed of Trust.  The Texas Property Code authorizes mortgage servicers to foreclose.  *See* TEX. PROP. CODE ANN. § 51.0025.  There is undisputed evidence that JPMC was the mortgage servicer and had authority to foreclose.  Under Texas law, JPMC does not have to establish that it is the owner or holder of the Note.  *See, e.g.*, *Sawyer v. MERS*, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. MERS*, 314 S.W.3d 161, 165–66 (Tex. App.—Eastland 2010, pet. denied).

Summary judgment is granted dismissing the Felchaks' request for a declaratory judgment. Summary judgment is also granted on the Felchaks' quiet title claim because it is based on the theory that JPMC lacks authority to enforce the Note and Deed of Trust.[1]

### D. The RESPA Claim

Whether the Felchaks asserted a claim for a RESPA violation is unclear. They alleged that they sent JPMC a QWR and had not received a response as of the date of the lawsuit. Assuming that the Felchaks sent a QWR, JPMC argues that any RESPA claim is moot because it responded to the correspondence. (Docket Entry No. 14, at 20). The summary judgment evidence does not appear to include such a response, and JPMC has not cited where in the record the response may be found. Nevertheless, the Felchaks have not identified or produced evidence of any damages because of a RESPA violation. Without any basis to infer actual damages, any RESPA claim necessarily fails. *See, e.g.*, *Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751, at *3 (S.D. Tex. Jan. 19, 2012). To the extent the Felchaks raised a RESPA claim, summary judgment is granted dismissing it.

### E. The Claim for Attorneys' Fees

To be entitled to attorneys' fees, the Felchaks must succeed on a cause of action for which fees are recoverable. Because JPMC is entitled to summary judgment on all the Felchaks' claims, there is no basis to recover attorneys' fees from JPMC.

---

[1] The Felchaks also alleged that JPMC failed to give proper notice of foreclosure. To the extent this allegation could be characterized as a wrongful foreclosure claim, it must be dismissed. No foreclosure has occurred. "Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home." *Smith v. J.P. Morgan Chase Bank N/A*, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010). There is also undisputed evidence that JPMC timely sent notice of default and notice of acceleration. Summary judgment is granted dismissing a wrongful foreclosure claim to the extent the Felchaks have pleaded one.

## IV.     Conclusion

The motion for summary judgment is granted.  Final judgment is entered by separate order.

SIGNED on May 10, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge